NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13941

BILLY COON vs. COMMONWEALTH.

July 10, 2026.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioner, Billy Coon, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3.  We affirm.

Coon has been charged with operating under the influence of drugs, in violation of G. L. c. 90, § 24 (1) (a) (1); negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24 (2) (a); assault and battery on a police officer, in violation of G. L. c. 265, § 13D; and witness intimidation, in violation of G. L. c. 268, § 13B.  The charges stem from a traffic stop performed by a Fall River police officer.  Coon was placed under arrest at the scene of the stop and transported to a hospital.  At the time, the officer who had initiated the stop told Coon that he was going to be cited for a number of offenses, but the officer did not issue the citation at the scene.  Rather, because the officer did not have his citation book with him, he wrote the citation, and mailed it to Coon, the following day.  At his arraignment, Coon pleaded not guilty.  He subsequently filed a motion to dismiss on the basis that the officer, in failing to provide Coon with a copy of the citation at the time of the incident, had violated the so-called "no-fix" statute, G. L. c. 90C, § 2.  A judge in the District Court denied the motion, as well as Coon's subsequent motion for reconsideration.  Coon thereafter filed his G. L. c. 211, § 3, petition, which a single justice denied.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a showing that

"review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Coon has not made, and cannot make, such a showing. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." Bateman v. Commonwealth, 449 Mass. 1024, 1024-1025 (2007), quoting Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002). See Ventresco v. Commonwealth, 409 Mass. 82, 83-84 (1991), and cases cited. Notwithstanding Coon's arguments to the contrary, there is no reason why he cannot obtain adequate appellate review in a direct appeal from any conviction.[1,2]

The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

_Judgment affirmed_.

The case was submitted on the papers filed, accompanied by a memorandum of law.
Sinclair Banks for the petitioner.

---

[1] Among other things, the petitioner argues that the police will continue to engage in "ticket-fixing" -- which the petitioner seems to suggest is an on-going concern but for which the petitioner provides no record support -- during the time that might elapse between a conviction, if any, and a decision on appeal.

[2] On the same date that the petitioner's appeal was entered in this court, April 30, 2026, the petitioner filed a "motion to expedite" in which he asked the court to stay a hearing set to take place in the District Court the follow day, May 1, 2026, related to a new motion to dismiss that the petitioner had filed in that court related to certain discovery. Essentially, the petitioner wanted this court to stay the District Court hearing pending a decision in this appeal. The hearing in the District Court proceeded as planned, and a judge denied the motion to dismiss on May 11, 2026. The petitioner's "motion to expedite" is therefore moot.